# IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS

FILED
FT. SMITH DIST.

_____ DIVISION

2014 ~~JUN 2~~ AM 10:12

CIR CLERK SEB CO

**AUTOMATED MOTION & PROCESS CONTROL, INC.** **PLAINTIFF**

**v.**

CN 2014-516 VI

**J.S. HAREN COMPANY and** **DEFENDANTS**

**PHILADELPHIA INDEMNITY INSURANCE CO.**

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Automated Motion & Process Control, Inc. ("AMP Control"), by and through its attorneys, Matthew D. Campbell and J. Tyler Henderson of Pinnacle Law Firm, PLLC, and for its Complaint and Demand for Jury Trial, states:

### PARTIES & JURISDICTION

1. Plaintiff is a corporation in good standing formed under the laws of the State of Arkansas, and its principal place of business is in Fort Smith, Arkansas.

2. Defendant J.S. Haren Company ("Haren") is a corporation formed under the laws of the State of Tennessee; its principal place of business is in Athens, Tennessee; and it can be served through its Arkansas registered agent, Quest Research, at 300 S. Spring St., Suite 900, Little Rock, AR 72201.

3. Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") is a corporation formed under the laws of the State of Pennsylvania; its principal place of business is in Bala Cynwyd, Pennsylvania; and it can be served through its President, James J. McGuire, Jr., at Suite 1001 Bala Plaza, Bala Cynwyd, PA 19004.

Ex. 1

4. Jurisdiction is proper in this Court pursuant to Arkansas Constitution Amendment 80, § 6(A) and Arkansas Code Annotated § 16-13-201.

5. Venue is proper in this Court against Philadelphia pursuant to Arkansas Code Annotated § 16-60-115; venue is proper in this Court against Haren as an indispensable party necessary for adjudication pursuant to Arkansas Rule of Civil Procedure 19(a).

## FACTUAL BACKGROUND

6. On or about February 28, 2013, Defendant J.S. Haren Company, as general contractor, entered into a written construction contract (hereinafter "Water Intake Project Contract") with the City of Mountain View, Arkansas, to provide certain modifications to the Mountain View Raw Water Intake (hereinafter "Water Intake Project"). A copy of this contract is attached hereto as Exhibit A.

7. Also on or about February 28, 2013, Haren, as general contractor, and Defendant Philadelphia Indemnity Insurance Company, as surety, executed a payment bond in the penal sum equal to the Water Intake Project Contract price (hereinafter "General Payment Bond"). A copy of this bond is attached hereto as Exhibit B.

8. A condition of the General Payment Bond was that Haren, as general contractor and principal, would make prompt payments to all subcontractors and claimants supplying labor, materials, or equipment furnished for use in the Water Intake Project Contract, and, should Haren fail to make such prompt payments, Philadelphia would become obligated to make those payments.

9. As part of the work performed on the Water Intake Project, Haren executed a subcontract/material order (hereinafter "Subcontract") with AMP Control in the amount

of $359,000.00, in which AMP Control agreed to provide, *inter alia*, electrical work and certain materials such as conduit and wire. A copy of the Subcontract is attached hereto as Exhibit C.

10. On or about October 25, 2013, AMP Control invoiced Haren for $200,000.00 for work and materials delivered pursuant to the Subcontract. The invoice also reflected a previous payment from Haren to AMP Control in the amount of $176,266.66, leaving $23,733.34 outstanding. A copy of that invoice is attached hereto as Exhibit D.

11. On or about November 14, 2013, AMP Control invoiced Haren for $109,300.00 for work and materials delivered pursuant to the Subcontract. A copy of that invoice is attached hereto as Exhibit E.

12. On or about December 19, 2013, AMP Control invoiced Haren for $15,000.00 for work and materials delivered pursuant to the Subcontract. A copy of that invoice is attached hereto as Exhibit F.

13. Haren did not object to the invoices at the time they were received and, the partial payment on the October 25th invoice notwithstanding, Haren has not made any other payments on these invoices, leaving a balance of $148,033.34 due to AMP Control. A copy of a billing statement reflecting this balance is attached hereto as Exhibit G.

14. On or about December 30, 2013, AMP Control sent an email to Haren detailing the current state of the work being done, and informing Haren that AMP Control would not undertake any further work until the October 25 invoice was paid in full. A copy of this email is attached hereto as Exhibit H.

15. Haren did not arrange for immediate payment of the October 25 invoice as required by AMP Control and so, on or about January 9, 2014, AMP Control sent a letter to Haren, with a copy to Philadelphia, noting the lack of payment on the previous invoices and AMP Control's intent to file a lien if the outstanding balance was not paid. A copy of the letter is attached hereto as Exhibit I.

16. In early April 2014, counsel for AMP Control submitted information and documentation to Philadelphia to file a claim against Haren's payment bond, as instructed by Michelle Gustaveson, an agent or employee of Philadelphia. A copy of this submission is attached hereto as Exhibit J.

17. In early May 2014, pursuant to instructions received via U.S. Mail from Ms. Jonetta Bolden, an employee or agent of Philadelphia, AMP Control submitted additional documentation in support of its claim against Haren. A copy of this submission is attached hereto as Exhibit K.

18. As of the date of filing of the instant suit, neither AMP Control nor its counsel has received any further communication from either Philadelphia or Haren.

## CLAIM #1 – BREACH OF CONTRACT BY HAREN

19. Plaintiff restates and realleges paragraphs 1 through 18, *supra*, as if laid out in full herein.

20. AMP Control performed its obligations under the Subcontract until December 30, 2013, at which time Haren was more than thirty (30) days past due on the remaining balance of the October 25 invoice and sixteen (16) days past due on the November 14 invoice, for a total of $133,033.34 – roughly 37 per cent of the Subcontract amount – then past due.

21. AMP Control has made repeated communications, directly and through undersigned counsel, seeking payment from Haren, but Haren has failed and refused to pay AMP Control the unpaid balance for work completed and materials supplied under the agreement.

22. On information and belief, Haren has received payment under the Water Intake Project Contract for labor, materials, and services provided by AMP Control pursuant to the Subcontract.

23. Haren has breached the Subcontract in that it has failed and refused to pay AMP Control in full for labor, materials, and services provided in the prosecution of work provided pursuant to the Subcontract.

24. AMP Control has suffered damages of $148,033.34 as a direct and proximate result of Haren's breach of the Subcontract and is therefore entitled to recover that amount.

25. Pursuant to Arkansas Code Annotated § 16-22-308, AMP Control is also entitled to cover reasonable attorneys' fees and costs associated with bringing this action against Haren.

## CLAIM II – CLAIM AGAINST THE GENERAL PAYMENT BOND

26. AMP Control restates and re-alleges paragraph 1-25, *supra*, as if laid out in full herein.

27. Philadelphia is obligated, pursuant to the General Payment Bond, to pay AMP Control for the labor, materials, and services provided in the prosecution of the work provided pursuant to the Subcontract, for which Haren has failed to make payment.

28. All conditions precedent to the obligations of Haren and/or Philadelphia to make full payment of AMP Control's claim have been performed, have occurred, or both.

29. AMP Control is entitled to payment from Philadelphia in the amount of $148,033.34.

30. AMP Control is also a "claimant" under the General Payment Bond and, pursuant to Arkansas Code Annotated § 23-79-208, AMP Control is therefore entitled to payment from Philadelphia of twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that, upon trial of this case, Plaintiff has and recovers judgment against Defendants, jointly and severally, as follows:

a. Judgment for AMP Control in the principal amount of $148,033.34;

b. Judgment for 12% penalty on any and all claims against the General Payment Bond;

c. Judgment for pre-judgment interest on any and all claims;

d. Judgment for post-judgment interest on any and all claims;

e. Judgment for AMP Control's reasonable attorneys' fees through trial and appeal (if any) on any and all claims;

f. Judgment for all costs associated with bringing this action; and

g. Judgment for such other and further relief, at law or equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
Matthew D. Campbell (ABN 2009032)

PINNACLE LAW FIRM, PLLC
424 W. 4th St., Suite A
North Little Rock, AR 72114
(501) 396-9246
matt@pinnaclelawfirm.com

**/s/ J. Tyler Henderson**
(870) 269-5774
tyler@pinnaclelawfirm.com

*ATTORNEYS FOR PLAINTIFF*



**EXHIBIT A**

## DOCUMENT 00500

### CONTRACT

**PROJECT:   MOUNTAIN VIEW RAW WATER INTAKE MODIFICATIONS**

**PROJECT NUMBER:   LR11-5816**

**THIS AGREEMENT,** made and entered into on the _28_ day of _February_____, 2013, by and between _JS Haren Company_____ herein called the Contractor, and the City of Mountain View, Arkansas, hereinafter called the Owner:

## WITNESSETH:

That the Contractor, for the consideration hereinafter fully set out, hereby agrees with the Owner as follows:

1.  That the Contractor shall furnish all the materials, and perform all of the work in manner and form as provided by the following enumerated Drawings, Specifications, and Documents, which are attached hereto and made a part hereof, as if fully contained herein and are entitled Mountain View Raw Water Intake Modifications – LR11-5816, dated September, 2012.

| | |
|---|---|
| Advertisement for Bids | Payment Bond |
| Instructions to Bidders | General Conditions |
| Bid and Acceptance Thereof | Supplemental Conditions |
| Performance Bond | Specifications |
| | Drawings (See Sheet Index below) |

### SHEET INDEX

Sheet No.        Description
**CIVIL DRAWINGS**

1.  COVER SHEET
2.  OVERALL SITE PLAN
3.  EXISTING INTAKE STRUCTURE SITE PLAN
4.  EXISTING INTAKE DEMOLITION DETAILS
5.  EXISTING INTAKE STRUCTURE AND VALVE VAULT PLAN AND PROFILE
6.  EXISTING INTAKE STRUCTURE MECHANICAL DETAILS
7.  SETTLING BASIN AND RELIFT PUMP STATION SITE PLAN
8.  SETTLING BASIN AND RELIFT PUMP STATION DETAILS I
9.  SETTLING BASIN AND RELIFT PUMP STATION DETAILS II
10.  ELECTRICAL PLATFORM EXTENSION DETAILS

## STRUCTURAL DRAWINGS

S0.1 SETTLING BASIN STRUCTURAL GENERAL NOTES
S1.1 SETTLING BASIN FOUNDATION & TOP PLAN
S2.1 SETTLING BASIN TYPICAL CONCRETE DETAILS
S2.2 SETTLING BASIN HANDRAIL DETAILS
S2.3 SETTLING BASIN OVERALL SECTION
S2.4 SETTLING BASIN OVERALL SECTION
S2.5 SETTLING BASIN SECTIONS

## ELECTRICAL DRAWINGS

E1 LEGEND AND ABBREVIATIONS
E2 OVERALL SITE PLAN
E3 ONE-LINE DIAGRAM
E4 ELECTRICAL DETAILS

2.  That the Owner hereby agrees to pay to the Contractor for the faithful performance of this Agreement in lawful money of the United States, the amount of:

    **One Million, Five Hundred Forty-Seven Thousand & 0/100 Dollars ($1,547,000.00).**

3.  The Work will be completed and ready for final payment in accordance with the General Conditions within __180__ days after the date when the Contract Time commences to run as provided in Notice to Proceed.

4.  Liquidated Damages:  Owner and Contractor recognize that time is of the essence of this Agreement and the Owner will suffer financial loss if the Work is not completed within the time specified in above, plus any extensions thereof allowed in accordance with the General Conditions.   They also recognize the delays, expense, and difficulties involved in proving the actual loss suffered by Owner if the Work is not completed on time.   Accordingly, instead of requiring any such proof, Owner and Contractor agree that as liquidated damages for delay (but not as a penalty) Contractor shall pay Owner Three Hundred and Fifty Dollars ($350.00) for each day that expires after the time specified in Paragraph 3 for completion and readiness for final payment.

5.  That within 30 days of receipt of an approved payment request, the Owner shall make partial payments to the Contractor on the basis of a duly certified and approved estimate of work performed during the preceding calendar month by the Contractor, LESS the retainage provided in the General Conditions, which is to be withheld by the Owner until all work within a particular part has been performed strictly in accordance with this Agreement and until such work has been accepted by the Owner.

6.  That upon submission by the Contractor of evidence satisfactory to the Owner that all payrolls, material bills, and other costs incurred by the Contractor in connection with the construction of the work have been paid in full, final payment on account of this Agreement

shall be made within 60 days after the completion by the Contractor of all work covered by this Agreement and the acceptance of such work by the Owner.

7.   It is further mutually agreed between the parties hereto that if, at any time after the execution of this Agreement and the Surety Bond hereto attached for its faithful performance and payment, the Owner shall deem the Surety or Sureties upon such bond to be unsatisfactory or if, for any reason such bond ceases to be adequate to cover the performance of the work, the Contractor shall, at his expense, within 5 days after the receipt of notice from the Owner, furnish an additional bond or bonds in such form and amount and with such Surety or Sureties as shall be satisfactory to the Owner.   In such event, no further payment to the Contractor shall be deemed to be due under this Agreement until such new or additional security for the faithful performance of the work shall be furnished in manner and form satisfactory to the Owner.

8.   No additional work or extras shall be done unless the same shall be duly authorized by appropriate action by the Owner in writing.

9.   The Owner and Contractor agree that any controversy or claim arising out of or relating to the Contract, or breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Construction Industry Arbitration Rules, and judgement on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the day and year first above written, in three (3) counterparts, each of which shall, without proof or accounting for the other counterpart be deemed an original Contract.

CORPORATE
SEAL:

SEAL

**JS Haren Company**
CONTRACTOR

By _____

_Preside nt_
Title

ATTEST:

_____
Water & Wastewater Superintendent

Approved as to form:

_____

**CITY OF MOUNTAIN VIEW, ARKANSAS**
OWNER

By _____

_____ Attorney for Owner

LR11-5816
2/1/13

-3-

00500
Contract



**EJCDC**
ENGINEERS JOINT CONTRACT
DOCUMENTS COMMITTEE

## PAYMENT BOND



**EXHIBIT B**

**CONTRACTOR** *(name and address)*:
J. S. Haren Company
1175 Highway 11, North
Athens, TN 37303

**SURETY** *(name and address of principal place of business)*:
Philadelphia Indemnity Insurance Company
One Bala Plaza, Suite 100
Bala Cynwyd, PA 19004-1403

**OWNER** *(name and address)*: City of Mountain View 205 Bayou Dr. Mountain View, AR 72560

**CONSTRUCTION CONTRACT**
Effective Date of the Agreement: 2/28/13
Amount: $1,547,000.00
Description *(name and location)*: **MOUNTAIN VIEW RAW WATER INTAKE MODIFICATIONS LR11-5816**

**BOND**
Bond Number: PB018540 00012
Date *(not earlier than the Effective Date of the Agreement of the Construction Contract)*: 2/28/13
Amount: $1,547,000.00
Modifications to this Bond Form: [X] None    [ ] See Paragraph 18

Surety and Contractor, intending to be legally bound hereby, subject to the terms set forth below, do each cause this Payment Bond to be duly executed by an authorized officer, agent, or representative.

**CONTRACTOR AS PRINCIPAL**

J. S. Haren Company _____ *(seal)*
Contractor's Name and Corporate Seal

By: _____
   Signature

J.S. Haren
Print Name

President
Title

Attest: _____
   Signature

Secretary
Title

**SURETY**

Philadelphia Indemnity Insurance Company _____ *(seal)*
Surety's Name and Corporate Seal

By: _____
   Signature *(attach power of attorney)*

Catherine L. McMillan
Print Name

Attorney-in-Fact
Title

Attest: _____
   Signature Suzanne Smith

Witness
Title

**Notes:** *(1) Provide supplemental execution by any additional parties, such as joint venturers. (2) Any singular reference to Contractor, Surety, Owner, or other party shall be considered plural where applicable.*

1. The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors, and assigns to the Owner to pay for labor, materials, and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference, subject to the following terms

2. If the Contractor promptly makes payment of all sums due to Claimants, and defends, indemnifies, and holds harmless the Owner from claims, demands, liens, or suits by any person or entity seeking payment for labor, materials, or equipment furnished for use in the performance of the Construction Contract, then the Surety and the Contractor shall have no obligation under this Bond

3. If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Paragraph 13) of claims, demands, liens, or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials, or equipment furnished for use in the performance of the Construction Contract, and tendered defense of such claims, demands, liens, or suits to the Contractor and the Surety.

4. When the Owner has satisfied the conditions in Paragraph 3, the Surety shall promptly and at the Surety's expense defend, indemnify, and hold harmless the Owner against a duly tendered claim, demand, lien, or suit

5. The Surety's obligations to a Claimant under this Bond shall arise after the following:

   5.1 Claimants who do not have a direct contract with the Contractor,

      5.1.1 have furnished a written notice of non-payment to the Contractor, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were, or equipment was, furnished or supplied or for whom the labor was done or performed, within ninety (90) days after having last performed labor or last furnished materials or equipment included in the Claim; and

      5.1.2 have sent a Claim to the Surety (at the address described in Paragraph 13).

   5.2 Claimants who are employed by or have a direct contract with the Contractor have sent a Claim to the Surety (at the address described in Paragraph 13)

6. If a notice of non-payment required by Paragraph 5.1.1 is given by the Owner to the Contractor, that is sufficient to satisfy a Claimant's obligation to furnish a written notice of non-payment under Paragraph 5.1.1.

7. When a Claimant has satisfied the conditions of Paragraph 5.1 or 5.2, whichever is applicable, the Surety shall promptly and at the Surety's expense take the following actions:

   7.1 Send an answer to the Claimant, with a copy to the Owner, within sixty (60) days after receipt of the Claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed; and

   7.2 Pay or arrange for payment of any undisputed amounts

   7.3 The Surety's failure to discharge its obligations under Paragraph 7.1 or 7.2 shall not be deemed to constitute a waiver of defenses the Surety or Contractor may have or acquire as to a Claim, except as to undisputed amounts for which the Surety and Claimant have reached agreement. If, however, the Surety fails to discharge its obligations under Paragraph 7.1 or 7.2, the Surety shall indemnify the Claimant for the reasonable attorney's fees the Claimant incurs thereafter to recover any sums found to be due and owing to the Claimant

8. The Surety's total obligation shall not exceed the amount of this Bond, plus the amount of reasonable attorney's fees provided under Paragraph 7.3, and the amount of this Bond shall be credited for any payments made in good faith by the Surety

9. Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any construction performance bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work

10. The Surety shall not be liable to the Owner, Claimants, or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for the payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligation to make payments to or give notice on behalf of Claimants, or otherwise have any obligations to Claimants under this Bond

11. The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders, and other obligations.

12. No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is the subject of the Construction Contract is located or after the expiration of one year from the date (1) on which the Claimant sent a Claim to the Surety pursuant to Paragraph 5.1.2 or 5.2, or

(2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable

13 Notice and Claims to the Surety, the Owner, or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears Actual receipt of notice or Claims, however accomplished, shall be sufficient compliance as of the date received

14 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

15 Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor and Owner shall promptly furnish a copy of this Bond or shall permit a copy to be made

16. Definitions

   16.1 Claim: A written statement by the Claimant including at a minimum:

      1. The name of the Claimant;
      2 The name of the person for whom the labor was done, or materials or equipment furnished;
      3 A copy of the agreement or purchase order pursuant to which labor, materials, or equipment was furnished for use in the performance of the Construction Contract;
      4. A brief description of the labor, materials, or equipment furnished;
      5 The date on which the Claimant last performed labor or last furnished materials or equipment for use in the performance of the Construction Contract;
      6 The total amount earned by the Claimant for labor, materials, or equipment furnished as of the date of the Claim;
      7 The total amount of previous payments received by the Claimant; and
      8. The total amount due and unpaid to the Claimant for labor, materials, or equipment furnished as of the date of the Claim

   162 Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials, or equipment for use in the performance of the Construction Contract. The term Claimant also includes any individual or entity that has rightfully asserted a claim under an applicable mechanic's lien or similar statute against the real property upon which the Project is located The intent of this Bond

shall be to include without limitation in the terms of "labor, materials, or equipment" that part of the water, gas, power, light, heat, oil, gasoline, telephone service, or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials, or equipment were furnished

   163 Construction Contract: The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and all changes made to the agreement and the Contract Documents

   164 Owner Default: Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract

   165 Contract Documents: All the documents that comprise the agreement between the Owner and Contractor

17 If this Bond is issued for an agreement between a contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor

18. Modifications to this Bond are as follows:

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**
231 St. Asaph's Rd., Suite 100
Bala Cynwyd, PA 19004-0950

**Power of Attorney**

KNOW ALL PERSONS BY THESE PRESENTS: that PHILADELPHIA INDEMNITY INSURANCE COMPANY (the Company), a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, does hereby constitute and appoint: Thomas H. McCarthy, and Catherine L. McMillan of J. Smith Lanier Co., Inc., its true and lawful Attorney(s) in fact with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business and to bind the Company thereby, in an amount not to exceed $7,500,000:

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of PHILADELPHIA INDEMNITY INSURANCE COMPANY at a meeting duly called the 1st day of July, 2011.

**RESOLVED:** That the Board of Directors hereby authorizes the President or any Vice President of the Company to: (1) Appoint Attorney(s) in Fact and authorize the Attorney(s) in Fact to execute on behalf of the Company bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and to attach the seal of the Company thereto; and (2) to remove, at any time, any such Attorney-in-Fact and revoke the authority given. And, be it

**FURTHER RESOLVED:** That the signatures of such officers and the seal of the Company may be affixed to any such Power of Attorney or certificate relating thereto by facsimile, and any such Power of Attorney so executed and certified by facsimile signatures and facsimile seal shall be valid and biding upon the Company in the future with the respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, PHILADELPHIA INDEMNITY INSURANCE COMPANY HAS CAUSED THIS INSTRUMENT TO BE SIGNED AND ITS CORPORATE SEAL TO BE AFFIXED BY ITS AUTHORIZED OFFICE THIS 15TH DAY OF NOVEMBER 2012



(Seal)

_____
**President**

Sean S. Sweeney, President
Philadelphia Indemnity Insurance Company

On this 15th day of November, 2012, before me came the individual who executed the preceding instrument, to me personally known, and being by me duly sworn said that he is the therein described and authorized officer of the PHILADELPHIA INDEMNITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate seal of said Company; that the said Corporate Seal and his signature were duly affixed.



**Notary Public:** _____

residing at: Bala Cynwyd, PA

(Notary Seal)

My commission expires: March 22, 2016

I, Craig P. Keller, Executive Vice President, Chief Financial Officer and Secretary of PHILADELPHIA INDEMNITY INSURANCE COMPANY, do herby certify that the foregoing resolution of the Board of Directors and this Power of Attorney issued pursuant thereto are true and correct and are still in full force and effect. I do further certify that Sean S. Sweeney, who executed the Power of Attorney as President, was on the date of execution of the attached Power of Attorney the duly elected President of PHILADELPHIA INDEMNITY INSURANCE COMPANY,

In Testimony Whereof I have subscribed my name and affixed the facsimile seal of each Company this _____ day of _____ 20____.



_____
Craig P. Keller, Executive Vice President, Chief Financial Officer & Secretary
PHILADELPHIA INDEMNITY INSURANCE COMPANY

## SUBCONTRACT/MATERIAL ORDER

**NO.  3915**

**EXHIBIT C**

# J. S. HAREN COMPANY
### P.O. BOX 450 • ATHENS, TN 37371-0450

**TO:**  AMP Control, Inc.
Attn: Tom Howell
P.O. Box 6059          P: (479)646-7770
5300 South 31st Street    F: (479)646-3940
Fort Smith, AR 72906    C: (479)459-4100

**DELIVER TO:**  Mountain View Treatment Plant
C/O J.S. HAREN COMPANY
571 Ruddles Road
Mountain View, AR 72560

**DATE:**  2/18/13
**TERMS:**  Net 30 Days
**FOB:**  Jobsite
**SHIP VIA:**  Truck

(A)  This constitutes an offer for materials and/or services as described in Section and is subject to  revocation until signed acceptance is received at our principal office in Athens, Tennessee.  Revocation shall be conclusive by depositing written notices with Registry Division of U. S. Post Office.

(B)  Upon acceptance, this order will be considered to be a:
___ MATERIAL ORDER- and all conditions are shown on the face of this order.
_X_ SUBCONTRACT ORDER-and is subject to conditions set forth in Attachments No. 1.

(C)  In accordance with Plans and Specifications including General Conditions for the Mountain View Raw Water Intake Modifications for the City of Mountain View, AR dated December, 2012, and Addendum No. 1 dated January 10, 2013 and Addendum No. 2 dated January 14, 2013 as prepared by McClelland Consulting Engineers, In., Little Rock, AR you are to furnish/perform the following:

### See "Attachment A"

**TIME IS OF THE ESSENCE:**

1.  The Owner has established liquidated damages in the amount of **$350.00** per calendar day for the late completion of this project.

2.  So as not to delay the completion of the project, please submit promptly and prior to __March 4th__ 2012, submittal data via electronic delivery to spencer.s@jsharen.com and seven (7) copies to J.S. Haren Company, 1175 Hwy 11 North, Athens, TN 37303. The project is to proceed as follows: Coordinate work with the General Contractor's (GC) project superintendent and/or project manager to complete work upon receipt of approved and/or approved as noted submittals. Perform work in a manner as to compliment the GC's schedule.

3.  Initial delivery schedule is based upon submittals being submitted on time and approved within twenty (20) days of receipt by the Architect/Engineer. Under no circumstance shall this time frame be adjusted for submittals received after the agreed upon submittal date listed in the Purchase Order or due to rejection of submittal due to error committed by the person(s), organization(s), and company who's duty is to produce the submittals for approval.

4.  Seven (7) hard copy sets and one (1) electronic copy of Operation and Maintenance Manuals are to be received at J. S. HAREN COMPANY, 1175 Hwy 11 North, Athens, TN 37303, prior to invoicing equipment.

**NOTE:**  All deliveries must be signed by J. S. Haren Company's Project Superintendent.
**NOTE:**  Please label all shipments, correspondence and invoices JSH JOB # __13-277_.
**NOTE:**  Please call (423) 745-5000, 48 hours in advance of shipping.

**TOTAL AMOUNT OF ORDER $359,000.00**

**INSTRUCTIONS:**
Sign and return one copy at once to J. S. Haren Company, P.O. Box 450, Athens, TN 37371-0450.
Send invoices in triplicate to J. S. Haren Company, P.O. Box 450, Athens, TN 37371-0450.
→ Send insurance certificates AT ONCE to J. S. Haren Company.
****We acknowledge classification of this order as shown in Section B and agree to the standard conditions described and shown in Section C.

By: _James R Howell_  Date: _2/20/13_   By: _Spencer A. Whitfield_
(Owner, partner or officer)            J. S. Haren Company
Federal ID # _71-0800476_

"Attachment A" to Purchase Order #3915

The Electrical Contractor (EC) shall perform electrical work per plans and specifications for a complete and operational electrical system. Coordinate the electrical service requirements with the power company and provide the electrical service(s) from the Power Company at the locations indicated. The EC shall include but not be limited to the following: provide conduit, wire, and field connections for all motors, motor controllers, control devices, control panels and electrical equipment furnished under Divisions 1, 11, 13, and 15. Also, provide conduit, wiring, and terminations for variable frequency drives, reactors, harmonic filters, transformers, and power factor correction capacitors. The EC shall be responsible for providing the VFDs, Breaker Panels, transformers, TVSS, motor disconnects, junction boxes, mounting and wiring of instrumentation devices, trenching, installation of duct banks, PLC racks, processors, input cards, output cards, spare parts, power supplies, terminal blocks, surge suppression devices, interface programming including modifications to the existing interface structure SCADAPak PLC for additional input/output capacity to monitor and control the new VFDs located in the MCC, valve logic panel for pump control valves, one (1) approved level meter, one (1) approved Submersible Transmitter, and all miscellaneous electrical items as needed to form a complete and operational system. The EC's installation shall include all related items with exception of pumps, motors, and valves. GC shall provide services to remove any rock encountered during trenching operations.

AMP Control, Inc.

2/20/13
**DATE**

JS HAREN COMPANY

2/9/13
**DATE**

## Automation, Motion, & Process Control

PO Box 6059
Fort Smith, AR 72906
USA



# INVOICE

Invoice Number: 6517
Invoice Date: Oct 25, 2013
Page: 1

*Duplicate*

Voice: (479) 646-7770
Fax: (479) 646-3940



| Bill To: | Ship To: |
|---|---|
| J. S. Haren Company<br>P. O. Box 450<br>Athens, TN 37371-0450 | JS Haren Company<br>1175 Hwy 11 North<br>Athens, TN 37303 |

| Customer ID | Customer PO | Payment Terms |
|---|---|---|
| J S Haren Compan | JSH Job#13-277 | Net 30 Days |

| Sales Rep ID | Shipping Method | Ship Date | Due Date |
|---|---|---|---|
| | | | 11/24/13 |

| Quantity | Item | Description | Unit Price | Amount |
|---|---|---|---|---|
| 1.00 | | Electric switchboard, (2) 125 HP drive panels, (3) 300 HP drive panels, disconnect switches, transformer & delivery costs for the Mtn View Water Intake project | 200,000.00 | 200,000.00 |

| | | |
|---|---|---|
| | Subtotal | 200,000.00 |
| | Sales Tax | |
| | Total Invoice Amount | 200,000.00 |
| | Payment/Credit Applied | 176,266.66 |
| Check/Credit Memo No: Multiple Payments Received | TOTAL | 23,733.34 |

# Automation, Motion, & Process Control

PO Box 6059
Fort Smith, AR 72906
USA

Voice:   (479) 646-7770
Fax:    (479) 646-3940

**EXHIBIT**

**E**

# INVOICE

Invoice Number:   6523
Invoice Date:    Nov 14, 2013
Page:      1

*Duplicate*

| Bill To: | Ship To: |
|---|---|
| J. S. Haren Company<br>P. O. Box 450<br>Athens, TN  37371-0450 | JS Haren Company<br>P. O. Box 450<br>Athens, TN  37371-0450 |

| Customer ID | Customer PO | Payment Terms |
|---|---|---|
| J S Haren Compan | JSH Job# 13-277 | Net 30 Days |

| Sales Rep ID | Shipping Method | Ship Date | Due Date |
|---|---|---|---|
|  |  |  | 12/14/13 |

| Quantity | Item | Description | Unit Price | Amount |
|---|---|---|---|---|
|  |  | November progress billing for the Mountain View Raw Water Intake Project. |  |  |
| 1.00 |  | Materials for the electrical installation. | 84,000 00 | 84,000.00 |
| 1.00 |  | Labor costs for the electrical installation. | 22,000.00 | 22,000.00 |
| 1.00 |  | Level sensing instrumentation | 3,300 00 | 3,300 00 |

|  |  |
|---|---|
| Subtotal | 109,300.00 |
| Sales Tax |  |
| Total Invoice Amount | 109,300.00 |
| Payment/Credit Applied |  |
| TOTAL | 109,300.00 |

Check/Credit Memo No:

# Automation, Motion, & Process Control

PO Box 6059
Fort Smith, AR 72906
USA

Voice:   (479) 646-7770
Fax:     (479) 646-3940



**EXHIBIT**

**F**

# INVOICE

Invoice Number:  6539
Invoice Date:    Dec 19, 2013
Page:            1

*Duplicate*



| Billing: | Shipping: |
|---|---|
| J. S. Haren Company<br>P. O. Box 450<br>Athens, TN 37371-0450 | JS Haren Company<br>P. O. Box 450<br>Athens, TN 37371-0450 |

| Customer ID | Customer PO | Payment Terms |
|---|---|---|
| J S Haren Compan | JHS Job# 13-277 | Net 30 Days |

| Sales Rep ID | Shipping Method | Ship Date | Due Date |
|---|---|---|---|
| | | | 1/18/14 |

| Quantity | Item | Description | Unit Price | Amount |
|---|---|---|---|---|
| 1.00 | | Monthly progress billing for labor and materials for the Mountain View Project. | 15,000 00 | 15,000 00 |

|  | Subtotal | 15,000.00 |
|---|---|---|
|  | Sales Tax | |
|  | Total Invoice Amount | 15,000.00 |
| Check/Credit Memo No: | Payment/Credit Applied | |
|  | **TOTAL** | **15,000.00** |

## Automation, Motion, & Process Control
PO Box 6059
Fort Smith, AR 72906
USA

Voice: (479) 646-7770
Fax: (479) 646-3940


**EXHIBIT**
**G**

# STATEMENT

Statement Date:     Mar 31, 2014
Customer Account ID: J S Haren Compan

J. S. Haren Company
P. O. Box 450
Athens, TN 37371-0450

Amount Enclosed
$ _____

| Date | Due Date | Reference | Paid | Description | Amount | Balance |
|------|----------|-----------|------|-------------|--------|---------|
| 10/25/13 | 11/24/13 | 6517 | Part | PO# JSH Job#13-277 | 23,733.34 | 23,733.34 |
| 11/14/13 | 12/14/13 | 6523 | | PO# JSH Job# 13-277 | 109,300.00 | 133,033.34 |
| 12/19/13 | 1/18/14 | 6539 | | PO# JHS Job# 13-277 | 15,000.00 | 148,033.34 |
| | | | | | **TOTAL** | 148,033.34 |

| 0-30 | 31-60 | 61-90 | Over 90 Days |
|------|-------|-------|--------------|
| 0.00 | 0.00 | 0.00 | 148,033.34 |

## Tom Howell

| | |
|---|---|
| **From:** | Tom Howell [t_howell@ampcontrol.com] |
| **Sent:** | Monday, December 30, 2013 10:07 AM |
| **To:** | Sky |
| **Cc:** | Spencer Stricklin; ampoffice@ampcontrol.com |
| **Subject:** | Mountain View Raw Water Intake Project |

**EXHIBIT H**

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | Sky | |
| | Spencer Stricklin | |
| | ampoffice@ampcontrol.com | Read: 12/30/2013 10:20 AM |

Dear Spencer and Sky:

Our crew has made good progress after Christmas. We have finished the underground conduit runs, and we will pull wire today and tomorrow. The crew will leave for the holiday on Dec 31 at approximately noon.

We are on track to do the utility swap over with Entergy on Tuesday, Jan 7. We should be on track for a pump and valve start-up the week of Jan. 13.

If you desire to keep the project moving, please send a check for our October invoice immediately. This invoice was for the drives and hardware on the electrical platform. JS Haren Company has been paid for these items, and we need the cash flow to keep this project moving. The check should be overnighted to our office at:

AMP Control, Inc.
5300 South 31st Street
Fort Smith, AR 72901

Lurah Long at your bonding company has reserved these funds for us, so the check can be processed and sent to us today.

We will not return to the job site until we receive payment on the project. I strongly dislike making ultimatums like this, but I cannot continue to work without payment. If you have questions, please call me or email me.

Yours truly,

Tom Howell
AMP Control, Inc.



# AMP Control, Inc.

## Automation, Motion, & Process Control, Inc.

P.O. Box 6059
5300 South 31st Street
Fort Smith, AR 72906

Phone  (479) 646-7770
Fax      (479) 646-3940

**EXHIBIT**
**I**

January 9, 2014

J.S. Haren
J.S. Haren Company
1175 Hwy11 North
Athens, TN 37303

Dear Mr. Haren:

 AMP Control has not received payment for the Mountain View, AR Raw Water Intake Project. This letter serves as our notice of intent to file lien on this project. Please immediately pay all invoices to avoid the filing of liens. You will be responsible for all legal fees that are incurred as a result of these actions.

Yours truly,

Tom Howell
President

Copies to:

Adam Triche, PE
McClelland Consulting Engineers

Lurah Long
Philadelphia Insurance Company

## Matt Campbell

| | |
|---|---|
| **From:** | Matt Campbell <matt@pinnaclelawfirm.com> |
| **Sent:** | Wednesday, April 9, 2014 9:04 AM |
| **To:** | suretyclaims@phly.com |
| **Cc:** | 'J. Tyler Henderson' |
| **Subject:** | Claim on Payment Bond |
| **Attachments:** | Amp PO & Invoices.pdf |



Per my conversation with Michelle Gustaveson on April 8, 2014, the purpose of this email to submit a claim on a payment bond on behalf of my client, Amp Control, Inc. The claimed amount is over 90 days past due from the general contractor, and the purchase order and invoices are attached to this email. The rest of the information that Michelle requested is below. If you need any additional information from my client, please call me at (501) 396-9246 or email me at this address.

| | |
|---|---|
| **Bond Number:** | B018540 00012-00 |
| **Principal's Name:** | J.S. Haren Company |
| **Principal's Location:** | Athens, TN |

| | |
|---|---|
| **Claimant's name:** | Amp Control, Inc. |
| **Claimant's address:** | 5300 South 31st Street |
| | Fort Smith, AR 72906 |

| | |
|---|---|
| **Claim amount:** | **$148,033.34** |

Thank you in advance for your attention to this matter.

Sincerely,
Matt Campbell

Matt Campbell
Pinnacle Law Firm, PLLC
212 Center St., 11th Floor
Little Rock, AR 72201
P: (501) 396-9246 | F: (501) 421-0189

1

## Matt Campbell

| | |
|---|---|
| **From:** | Matt Campbell <matt@pinnaclelawfirm.com> |
| **Sent:** | Monday, May 5, 2014 10:50 AM |
| **To:** | 'jonetta.bolden@phly.com' |
| **Subject:** | Requested Documentation |
| **Attachments:** | 13.02.28 Payment Bond.pdf; 14.01.09 Ltr to JS Haren RE Payment By AMP.pdf; 14 04 02 Ltr to Pinnacle RE Haren Lien By AMP.pdf; J.S. Haren Order & AMP Invoices.pdf; 2832 Misc Invoices.pdf; Philadelphia Form Completed.pdf |

**EXHIBIT**

**K**

Ms. Bolden,

Attached is the relevant documentation that you requested in Claim No. PHYT14020788644.  If you have any questions or need any additional information, please let me know.

Additionally, please advise on a likely timeline of resolving this claim.  At this point, my client has been seeking payment of the outstanding balance from the insured for nearly five months.  I certainly understand that there is a process that needs to be gone through on your end, but I would like an estimated amount of time that I can inform my client of.

Sincerely,
Matt Campbell

Matt Campbell
Pinnacle Law Firm, PLLC
424 W. 4th St., Suite A
North Little Rock, AR 72114
P: (501) 396-9246 | F: (501) 421-0189

THE CIRCUIT COURT OF Sebastian COUNTY, ARKANSAS

_____ DIVISION [Civil, Probate, etc.]

Automated Motion & Process Control, Inc
_____
Plaintiff

v.                                      No. CV-14- 516 VII

J.S. Haren Company, et al.
_____
Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

J.S. Haren Company   [Defendant's name and address.]
_____

1175 Hwy 11 N, Athens, TN 37303
_____

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Matthew D. Campbell, Pinnacle Law Firm PLLC, 424 W. 4th St., Suite A, North Little Rock, AR 72114

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint. DENORA COOMER

CLERK OF COURT

Address of Clerk's Office

901 S. B St., Rm 205
_____

Fort Smith, AR 72901
_____

[Signature of Clerk or Deputy Clerk]

JUN 0 2 2014

Date:_____

[SEAL]

Ex. 2

No. _____  **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                              By: _____
                              [Signature of server]

                              _____
                              [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                              [Signature of server]

                              _____
                              [Printed name]

Address: _____

         _____

Phone: _____

Subscribed and sworn to before me this date: _____

                              _____
                              Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____