# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### FORT SMITH DIVISION

|  |  |  |
|---|---|---|
| **AUTOMATED MOTION & PROCESS** | ) | |
| **CONTROL, INC.,** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **No. 2:14-CV-2154-PKH** |
| **v.** | ) | |
| | ) | |
| **J.S. HAREN COMPANY, et al.,** | ) | |
| **DEFENDANTS.** | ) | |

## RESPONSE TO DEFENDANT'S MOTION FOR DEFAULT JUDGMENT

J.S. Haren Company's ("Haren's") Motion for Default Judgment overlooks Plaintiff/Counter-Defendant Automated Motion & Process Control, Inc.'s ("AMP's") demonstration of good cause to set aside the entry of default, as shown in AMP's pending Motion to Set Aside Default and Brief in Support (dkt. nos. 25 & 26). Haren's actions demonstrate that it fully expects this case to revived. Most importantly, Haren has not and will not be prejudiced in its ability to engage in discovery or to litigate the matter on the merits. Finally, Haren's reliance on the previous Rule 26 issue is misplaced in this context.

Haren's Motion for Default Judgment should be denied.

# I. ARGUMENT

## A. AMP HAS SHOWN GOOD CAUSE.

Haren addressed AMP's pending Motion to Set Aside Default (dkt. 25) and Brief in Support (dkt. 26) in a separate Response (dkt. 28) and Brief (dkt. 29). Haren's independent Motion for Default Judgment, however, necessarily implies that AMP has not shown good cause to set aside the entry of default pursuant to F.R.C.P. 55. AMP's Motion to Set Aside Default and Brief in Support thereof (dkt. 26) are therefore instructive to this Court with regard to AMP's demonstration of good cause herein.[1]

As noted in AMP's Motion, "[w]hen examining whether good cause exists, the district should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *United States v. 2005 Chrysler 300C*, 382 Fed. App'x 531, 532-33 (8th Cir. 2010) (quoting *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008)). Counsel for AMP explained that the fault in not timely answering was his, rather than AMP's; that AMP has a meritorious defense to the counterclaim; and that Haren has not

---

[1] AMP incorporates by reference its Motion to Set Aside Entry of Default and Brief in Support, as if laid out in full herein.

been and would not be prejudiced by this Court setting aside the default, as the default had not impaired Haren's ability to litigate the case in any manner.

Haren failed to explain why this analysis, pursuant to Eighth Circuit decisions, was incorrect. Haren instead pointed to district court decisions from outside the Eighth Circuit and discussed the standard for setting aside a default judgment pursuant to F.R.C.P. 60, rather than the applicable standard under F.R.C.P. 55. Notably, the Eighth Circuit has explained that the good-cause standard under Rule 55 is more lenient than the standard for setting aside a default judgment under Rule 60. *See United States ex rel. Shaver v. Lucas Western Corp.*, 237 F.3d 932, 933 (8th Cir. 2001). Likewise, any reliance on district courts from South Carolina and/or Texas ignores precedent of the Eighth Circuit. In addressing cases on appeal from the Eastern District of Arkansas, the Eight Circuit holds that the lenient standard under Rule 55 *and* the factors that the district court could consider under that Rule are what governs. *See United States ex rel. Shaver v. Lucas Western Corp.*, 237 F.3d 932 (8th Cir. 2001). Decisions by district courts in other circuits are simply inapposite.

## B. HAREN HAS NOT BEEN PREJUDICED.

On February 13, 2015—the same day that Haren filed the instant Motion for Default Judgment—counsel for AMP received Defendant's Interrogatories and

Requests for Production via U.S. Mail. According to the postmark, these had been sent on February 11, 2015, five days after AMP filed its Motion to Set Aside Default. Thus, even after the Clerk's entry of default and AMP's Motion to Set Aside, Haren continued to litigate this case. This demonstrates that Haren was not prejudiced or otherwise hampered in its ability to continue with discovery, and it will not be prejudiced in its ability to fully litigate this matter on the merits.

AMP will respond to Haren's discovery requests within the time constraints of the Federal Rules of Civil Procedure, or within a shorter timeframe if this Court orders it to do so as a condition on setting aside the entry of default. The Eighth Circuit has explained that prejudice "may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. Setting aside a default must prejudice plaintiff in a more concrete way, *such as loss of evidence, increased difficulties in discovery*, or greater opportunities for fraud and collusion." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 782 (8th Cir. 1998) (emphasis added). In light of this holding, and because Haren is prepared for this case to go forward, entry of default judgment against AMP seems unnecessarily harsh.

## C. HAREN'S RELIANCE ON THE RULE 26 ISSUE IS MISPLACED.

Part of Haren's argument against setting aside the entry of default and, by extension, its argument in favor of default judgment, is that AMP previously failed to meet this Court's deadline for Rule 26 disclosures. However, as this Court is certainly aware, AMP has already been sanctioned for that prior discovery-related failure in the form of an award of attorney's fees to Haren. Basing an additional sanction—especially something as severe as default judgment—on this Rule 26 issue is inequitable, given that AMP has since complied with the Court's Order compelling Rule 26 disclosure and has provided Haren with all required documents.

Additionally, AMP's prior failure to meet the Rule 26 deadline should be mitigated by the fact that AMP itself was denied entry of default when co-defendant Philadelphia Indemnity Insurance Company failed to answer AMP's original complaint within thirty days of service. Counsel for Haren (who is now also counsel for Philadelphia) filed an answer on behalf of Philadelphia and this case continued without any party being prejudiced.

## II. CONCLUSION

AMP has shown good cause to set aside the entry of default pursuant to Rule 55. Haren, meanwhile, has failed to demonstrate any prejudice or damage to its

ability to litigate this case on the merits. The prior Rule 26 issue has already been resolved and is not a basis for further sanctions against AMP given the totality of the surrounding circumstances. AMP therefore respectfully prays that this Court deny Haren's Motion for Default Judgment, grant AMP's Motion to Set Aside Default, and allow the previously tendered Answer to Counterclaim to be filed.

Respectfully submitted,

**/s/ Matthew D. Campbell**
Ark. Bar. No. 2009032
Pinnacle Law Firm, PLLC
424 W. 4th St., Suite A
North Little Rock, AR 72114
Tel: (501) 396-9246
Fax: (501) 421-0189
matt@pinnaclelawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Matthew D. Campbell, hereby certify that a true-and-correct copy of the foregoing will be served on all required parties via this Court's CM/ECF system as of the date of filing by the Clerk of this Court.

**/s/ Matthew D. Campbell**