IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AUTOMATED MOTION & PROCESS CONTROL, INC.                                          PLAINTIFF

v.                                       Case No. 2:14-CV-02154

J.S. HAREN COMPANY; and PHILADELPHIA
INDEMNITY INSURANCE COMPANY                                                       DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are Plaintiff Automated Motion & Process Control, Inc.'s ("AMP") motion to set aside the Clerk's entry of default (Doc. 24) and Defendant J.S. Haren Company's ("Haren") response in opposition (Doc. 28). Also before the Court are Haren's motion for default judgment as to its counterclaim against AMP (Doc. 30) and AMP's response in opposition (Doc. 31). Having reviewed the motions and supporting documents, the Court finds that AMP's motion to aside the Clerk's entry of default should be granted, and Haren's motion for default judgment should be denied.

AMP originally filed this case in state court on June 2, 2014. Haren removed the case to this Court on July 9, 2014. On December 8, 2014, Haren filed a motion for leave to file a supplemental pleading asserting a counterclaim. (Doc. 14). That motion was granted by text order on January 13, 2015. Haren filed the counterclaim that same day and served the counterclaim on AMP's counsel via the CM/ECF system. The Court's text order directed AMP to file any response to the counterclaim within ten days. On February 4, 2015, Haren filed an affidavit (Doc. 21) in support of the Clerk's entry of default, and the Clerk subsequently entered default as to AMP on February 5. AMP filed its motion to set aside the Clerk's entry of default on that same day.

There is a judicial preference for adjudication on the merits stemming from an interest in preserving the "fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). The determination regarding whether to set aside an entry of default is left to the court's sound discretion. *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 436 (8th Cir. 1997). The Court is, however, bound by the Federal Rules, which provide that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). As default judgment has not yet been entered in this case, the Court must simply determine whether good cause exists to set aside the Clerk's entry of default. "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotation omitted).

The Court finds that the conduct of AMP was not particularly blameworthy or culpable in this instance. Counsel for AMP avers that the failure to timely answer Haren's counterclaim was due to his negligent failure to ensure that a response was filed and not through a willful refusal to defend on AMP's part. Furthermore, both Haren's counterclaim and AMP's direct claim involve alleged breaches of the same contract. The issue in this case is which party breached the contract. In essence, AMP has demonstrated a meritorious defense to Haren's counterclaim via its own allegations of breach. AMP argues that if Haren breached the contract first, any non-performance on AMP's part alleged by Haren would be excused. Finally, Haren does not argue that it would be prejudiced if the Court sets aside the default, nor can the Court find that any prejudice would result. As already stated, AMP's position in this case is clear from its direct claim, and no undue delay has

resulted, as AMP objected to the Clerk's entry of default on the same day it was entered.

IT IS THEREFORE ORDERED that AMP's motion to set aside default (Doc. 25) is GRANTED, and the Clerk's entry of default (Doc. 24) is SET ASIDE.

As the Clerk's entry of default has been set aside, and for the reasons stated above, the Court likewise finds that entry of a default judgment is not warranted in this case. IT IS THEREFORE ORDERED that Haren's motion for default judgment (Doc. 30) is DENIED.

AMP is ORDERED to file a response to Haren's counterclaim by Friday, April 10, 2015.

**IT IS SO ORDERED** this 8th day of April, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE